UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,


-v-

JAVIER BELTRAN,

Defendant.

---

11 Cr. 1032-60 (PAE)

<u>ORDER</u>

PAUL A. ENGELMAYER, District Judge:

The Court has received the attached submission from defendant Javier Beltran, which it treats as a motion for compassionate release. *See* Dkt. 28. The Court reappoints Mr. Beltran's most recent counsel, Robert Baum, Esq., for the purpose of submitting a letter memorandum in support of Mr. Beltran's motion. That memorandum is due March 10, 2021. The Government's response is due by March 17, 2021.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: February 18, 2021
New York, New York

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JAVIER BELTRAN,
Defendant.

Case No. 11-CR-1032 (PAE)

JUDGE PAUL A. ENGELMAYER

MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. 3582 (c)(1)(A)(i)

## I. INTRODUCTION

Javier Beltran (hereinafter "Beltran"), moves this Honorable Court for a reduction of sentence pursuant to 18 U.S.C § 3582 (c)(1)(A)(i) to wit because this court has the discretion to reduce his sentence for extraordinary and compelling reasons. In support thereof, Beltran submits the following:

### Applicable Legal Standards

Pursuant to 18 U.S.C § 3582 (c)(1)(A)(i) this "Court may not modify a term of imprisonment once it has been imposed except that —

(1) in any case —

(A) the court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the

defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendants behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USC § 3553(a)] to the extent that they are applicable, if it finds that –

(i) extraordinary and compelling reasons warrant such a reduction. Furthermore, pursuant to USSG § 1B1.13 (2) Beltran must prove that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). The only restrictive measure enforceable on this Court pursuant to a reduction of sentence is that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." See, 28 U.S.C. § 994(e); See also, United States v. Brooker (Zullo), No. 19-3218-CR (2d Cir. Sep. 25, 2020); United States v. Jones, No. 20-3701 (6th Cir Nov. 20, 2020); and United States v. Gunn, No. 20-1959 (7th Cir. Nov. 20, 2020).

Beltran contends that he has exhausted his administrative remedies in accordance with the Statute (See Attachment A),

extraordinary and compelling reasons warrant the reduction in which he seeks, and that he is not a danger to the safety of any other person or to the community. Beltran does not rely solely on his rehabilitative efforts. He therefore request that this court grant the requested reduction in sentence.

## II. BACKGROUND

On September 12, 2014 shortly before his trial was to get underway, Mr. Beltran pled guilty via plea agreement to one count of, during and in relation to a crime of violence specifically, the murder of Raymond Casul — of using, possessing and carrying a firearm which was discharged pursuant to 18 U.S.C § 924(c)(1)(A)(iii). On May 21, 2015 this Honorable Court sentenced Mr. Beltran to 120 months imprisonment, the mandatory minimum required sentence pursuant to the statute. After considering the Rule 11(c)(1)(c) plea agreement this court found that the 120 month sentence it pronounced was sufficient but not greater than necessary to satisfy the purpose of sentencing and that the mandatory minimum sentence of ten years imprisonment qualified as a reasonable sentence.

In its assessment pursuant to the § 3553(a) factors this court declared, "I recognize that you were not at all the central player in the murder...... and your role in the gang was far less significant than those of many defendants I

have sentenced.... You had no other criminal record .... You accepted responsibility... You did not at least appear to have engaged in any criminal conduct in the approximately three-and-a-half years between the casual murder and your brothers flight, on the one hand, and your arrest on the other... You had put your active ties with the gang behind you." Sent. trans. Doc. F5lebels, pgs. 25-26.

At the time of his arrest Mr. Beltran was 26 years of age. He is now 34 years of age. He has three young kids – Jacneyre Beltran (age 11), Jizmeily Beltran (age 10), and Jadiel J. Beltran (age 8). Since his incarceration his family circumstance has changed dramatically, and the current COVID-19 pandemic has been especially taxing on his family. Mr. Beltrans father is currently extremely sick and he desperately needs Mr. Beltrans assistance to help run his business in Dominican Republic where Mr. Beltran will be deported. Mr. Beltrans family also needs his help financially in this current climate of hardship.

## III. Exhaustion of Administrative Remedies

Pursuant to 18 U.S.C § 3582 (C)(1)(A)  Mr. Beltran has exhausted his administrative remedies as is required by statute. On October, 21, 2020 Mr. Beltran submitted an appropriate request to the warden of FCI - Pollock, S. Merendino, request that he submit a motion to this

court on his behalf because of the outbreak of COVID-19 at his facility; his family circumstance; his rehabilitative efforts; the oppressive conditions that he is being subjected to because of the pandemic; and because he has served the majority of his sentence and has less than 12 months left on his sentence. See, Attachment A, "Wardens Reduction in Sentence Response".

In his response to Mr. Beltrans request the warden denied the request because Mr. Beltran was not diagnosed with COVID-19. After recieving the wardens response, Mr. Beltran was told that he could now pursue his claim with the district court. Thus, Mr. Beltran submits the foregoing and moves this court to find that there are conditions of extraordinary or compelling reasons in his case that it deems sufficient to reduce his sentence.

IV. Extraordinary and Compelling Reasons

1. COVID-19 Pandemic

A. Current outbreaks of COVID-19 at FCI-Pullock

Mr. Beltran contends that the continuous outbreaks from COVID-19 at his facility of incarceration places him at an unnecessarily high-level of possible contraction of the deadly virus, and presents an extraordinary and compelling reason to

reduce his sentence.

Blacks Law Dictionary defines "extraordinary" as "beyond what is usual, customary, regular, or common." Extraordinary, Blacks Law Dictionary (11th ed. 2019). It defines "compelling need" as a "need so great that irreparable harm or injustice would result if it is not met." Compelling need, Blacks Law Dictionary (11th ed. 2019).

Mr. Beltran contends that it is axiomatic that he will eventually catch COVID-19 as his current facility has shown that it is incapable of preventing the spread of the virus and is failing to take the necessary precautions to prevent the spread of the virus.

B. Mr. Beltran cannot adequately protect himself against infection in prison

FCC Pollocks continuous outbreaks make prison a particularly dangerous place for Mr. Beltran. COVID-19 is now inside FCI-Pollock. See Attachment B. Many of the recommended measures to prevent infection are impossible or unfeasible in prison. Prisons are ill-equipped to prevent the spread of COVID-19. Public health experts recommend containing the virus through measures such as social distancing, frequently disinfecting shared surfaces, and frequently washing hands or using hand sanitizer. See, e.g., How to protect

yourself, Centers for Disease Control & Prevention, https://www.cdc.gov//
coronavirus/2019-ncov/prevent-getting-sick/prevention.html. However,
Studies have shown that jails have an alarmingly high infection
rate. See, e.g., Elizabeth Weill-Greenberg, New York City jails
have an alarmingly high infection rate, According to an
analysis by the Legal Aid Society, The Appeal (mar. 26, 2020),
https://the appeal.org/new-york-city-jails-coronavirus-COVID-19-legal-aid-society;
Kimberly Kindy, An explosion of coronavirus cases cripples a federal
prison in Louisiana, Washington Post (march. 29, 2020), https://www.
washingtonpost.com/national/an-explosion-of-coronavirus-cases-cripples-a-
federal-prison-in-louisiana/2020/03/29/75a465c0-71ds-11ea-85ch-86705716863d
story.html. Moreover, FCI-Pollock continues to struggle with combatting
the spread of the disease. See Attachment B.

C. Mr. Beltran has been forced to Suffer unhealthy and Strenuous
hardships because of COVID-19

As a Result of COVID-19 Mr. Beltran has been subjected to
extremely Strenuous and unhealthy hardships at his prison
facility. Mr. Beltran has been forced to stay in his cell for 23-21
hours a day since march 2020. At times however, Mr. Beltran
has been forced to stay in continuous lockdown without any time
out of his cell for weeks at a time, and is being denied timely
and proper health care as a result of these lockdowns. This
has lead to undue worry, stress, and anxiety that can lead
to other health problems.

All premises considered, Mr. Beltran therefore prays that this court finds that the COVID-19 pandemic presents extraordinary and compelling reasons to reduce his sentence.

## 2. Family Circumstances

Mr. Beltran contends that his family circumstances should be taken into consideration and deemed an extraordinary and compelling reason to reduce his sentence. In the Third circuit, district courts have considered defendants family circumstances in lieu of the COVID-19 pandemic to reduce sentences. See, e.g., US V. Reyes, 2020 WL 1663129 (N.D. Ill. Apr. 3, 2020).

Since Mr. Beltrans incarceration his father has suffered a severe stroke and has experienced paralysis where he cannot properly run his businesses. Specifically, Mr. Beltrans release will allow him to support his family financially as he will assume control of his fathers day to day business in Dominican Republic and aid in hospice care where available. The pandemic has caused financial strain to his family, and his fathers current condition has made it hard to provide for his family.

## 3. Mr. Beltran is close to his release date and has demonstrated rehabilitation.

Mr. Beltran has served the vast majority of his sentence – over 94 months. He has just a year from his release date, assuming

continued good behavior, keeping him in prison for one more year makes a marginal difference to his punishment. But the difference to his health (whether physically or mentally) could be profound. That is why being so close to his release date in a long sentence adds to the extraordinary and compelling reasons to reduce his punishment.

Mr. Beltran has also shown rehabilitation in prison. While serving his sentence, Mr. Beltran has completed several educational courses that will aid in him gaining meaningful employment when released including: (1) problem solving and decision making; (2) accounting; (3) real estate; and (4) positive thinking. He has also completed numerous classes that has helped to better himself as a person. See Attachment C "Individualized re entry Plan". Mr. Beltran has voluntarily participated in the FRP program and has been a positive influence on other inmates at his facilities.

4. Mr. Beltran is not a danger to others or the community

The commissions policy statement, which provides helpful guidance, provides for granting a sentence reduction only if "the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C § 3142(g)." USS.G § 1B1.13(2).

Mr. Beltran is not a danger to the safety of others or to the community under the factors listed in 18 U.S.C § 3142(g). Section

3142(g) sets out the factors court must consider in deciding whether to release a defendant. The factors that weigh danger to the community include "the nature and circumstances of the offense charged", "the history and characteristics of the person", including "the persons character, physical and mental condition, family ties... community ties, past conduct, history relating to drug or alcohol abuse, and criminal history", and "the nature and seriousness of the danger to any person or the community that would be posed by the persons release." 18 U.S.C § 3142(g).

Mr. Beltran had no criminal history before committing this crime. Nothing in his record suggests that he has been violent. His history of gang membership and gun crimes are ten years behind him, and nothing in his prison record raises concerns about violence. Mr. Beltran is not a danger to the community during this pandemic because he has a home to return to - where he can self-quarantine - and an adequate reentry plan. Moreover, Mr. Beltran will be deported.

## IV CONCLUSION

Mr. Beltran prays that this honorable court finds that the requested sentence reduction is consistent with the section 3553(a) factors, and therefore moves this court for immediate release.

Respectfully Submitted,

x _Javier Beltran_

Date: 11-28-20

Javier Beltran
Reg. No. 67713-054
FCI - Pollock
P.O. Box 4050
Pollock, LA 71467

<u>CERTIFICATE OF SERVICE</u>

I, Javier Beltran, do hereby certify that on the undersigned date that I submitted this "motion for reduction of sentence pursuant to 18 U.S.C § 3582 (c)(1)(A)(i)" to FCI Pollocks internal mailing system for mailing with the proper amount of prepaid first-class postage afixed thereto to the following address:

Office of the Clerk
40 Foley Square, Room 2201
New York, NY 10007

Javier Beltran

Date: 11-29-20

*Attachment A*

## Compassionate Release/Reduction in Sentence Response

INMATE NAME: BELTRAN, Javier          REGISTER NUMBER: 67718-054

HOUSING UNIT: D4                      DATE OF REQUEST: 11/03/2020

REQUESTER: BELTRAN, Javier

Your request has been reviewed for consideration under 18 U.S.C.
4205 (g) or 3582 (c)(1)(A).  Upon investigation of the request it
has been determined that the request warrants **denial** at this
level and the matter shall not be referred for consideration to
the Office of General Counsel.  Specifically, the request on your
behalf requested you be considered for a compassionate
release/reduction in sentence based on the current COVID-19
CONDITIONS.  As you are not currently diagnosed with COVID-19,
there are no conditions of extraordinary or compelling
circumstances being presented on your behalf.

If you are not satisfied with this reply, you may submit an
administrative remedy on the appropriate form (BP-9).


_____          _____
S. Merendino, Warden                 Date  11/19/20

*Attachment B*



# FCI POLLOCK
# INMATE BULLETIN

## Coronavirus – Modified Operations

Due to recent positive COVID-19 staff cases, the Housing Units in the General Population will be secured from Monday, November 16, 2020, through Wednesday, November 18, 2020. The Health Services Department will be conducting temperature checks and random COVID-19 testing on a small percentage of the inmate population. Operations beyond Wednesday will be reevaluated once all test results have been received. Additionally, good hand and health hygiene practices, along with regular cleaning and disinfection of high touched surfaces should continue.

Your safety is a priority; therefore, your cooperation is expected.

S. Merendino, Warden

Date 11/16/20



## Individualized Needs Plan - Program Review    (Inmate Copy)

Dept. of Justice / Federal Bureau of Prisons

Plan is for inmate: BELTRAN, JAVIER  67718-054

SEQUENCE: 01801659
Team Date: 08-18-2020

| | |
|---|---|
| Facility: | POM  POLLOCK MED FCI |
| Name: | BELTRAN, JAVIER |
| Register No.: | 67718-054 |
| Age: | 34 |
| Date of Birth: | 02-19-1986 |

Proj. Rel. Date:  11-20-2021
Proj. Rel. Mthd:  GCT REL
DNA Status:  NYM02547 / 12-12-2012

### Detainers

| Detaining Agency | Remarks |
|---|---|
| ICE | SUBJECT TO REMOVAL FROM U.S. |

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| POM | D4 ORDERLY | ORDERLY | 11-14-2019 |

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| POM | ESL HAS | ENGLISH PROFICIENT | 06-16-2015 |
| POM | GED HAS | COMPLETED GED OR HS DIPLOMA | 06-16-2015 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| RBK | C | PROBLEM SOLVING&DECISION MAKE | 08-09-2019 | 08-21-2019 |
| FTD GP | C | LEATHER 1 - EAST | 03-20-2018 | 04-17-2018 |
| FTD GP | C | STICK ART 1 - EAST | 02-06-2018 | 02-20-2018 |
| FTD GP | C | REAL ESTATE I - EAST | 07-09-2016 | 10-03-2016 |
| FTD GP | C | ACCOUNTING II | 07-05-2016 | 09-30-2016 |
| FTD GP | C | ALTERNATIVE ENERGY | 04-05-2016 | 06-25-2016 |
| FTD GP | C | ACCOUNTING I | 04-05-2016 | 06-25-2016 |
| FTD GP | C | MARKETING W/SOCIAL MEDIA | 01-05-2016 | 03-26-2016 |
| FTD GP | C | ACE GEDMATH | 01-05-2016 | 03-22-2016 |
| FTD GP | C | PARENTING CLS IN SP 1-2:30 WED | 10-27-2015 | 02-23-2016 |
| FTD GP | C | PARENTING PROG FRI 12:30-2:00 | 10-01-2015 | 02-10-2016 |
| FTD GP | C | BUILD YOUR VOCABULARY | 10-10-2015 | 12-21-2015 |
| FTD GP | C | POSITIVE THINKING | 10-10-2015 | 12-21-2015 |

### Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|

*\*\* NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS \*\**

### Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 06-27-2019 |
| CARE1-MH | CARE1-MENTAL HEALTH | 07-21-2015 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| NO PAPER | NO PAPER MEDICAL RECORD | 12-12-2012 |
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 06-27-2019 |
| YES F/S | CLEARED FOR FOOD SERVICE | 01-10-2013 |

### Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| ED COMP | DRUG EDUCATION COMPLETE | 03-30-2016 |

### FRP Details

| Most Recent Payment Plan |
|---|

**FRP Assignment:**    COMPLT    **FINANC RESP-COMPLETED**    **Start: 11-03-2016**

Inmate Decision:    **AGREED**    **$100.00**    Frequency: **SINGLE**
Payments past 6 months:    **$0.00**    Obligation Balance: **$0.00**



**Individualized Needs Plan - Program Review     (Inmate Copy)**

Dept. of Justice / Federal Bureau of Prisons

Plan is for inmate: BELTRAN, JAVIER  67718-054

SEQUENCE: 01801659

Team Date: 08-18-2020

| Most Recent Payment Plan |
|---|

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $100.00 | $0.00 | IMMEDIATE | COMPLETEDZ |

*** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ***

**Payment Details**

Trust Fund Deposits - Past 6 months:  $ N/A                    Payments commensurate ?   N/A

New Payment Plan:          ** No data **

## Progress since last review

** No notes entered **

## Next Program Review Goals

** No notes entered **

## Long Term Goals

** No notes entered **

## RRC/HC Placement

No.
Criminal alien releasing to custody of ICE.

## Comments

Is there documentation of any of the following?

_____Any history of bankruptcy __x__No bank account _____No assets nor liabilities noted in PSR __x__Debts noted in credit report or other source _____Tax liabilities / back taxes _____Unpaid alimony / child support _____Other indication of lack of financial management skills Financial/ poverty skills need



**Individualized Needs Plan - Program Review    (Inmate Copy)**

Dept. of Justice / Federal Bureau of Prisons

Plan is for inmate: BELTRAN, JAVIER   67718-054

SEQUENCE: 01801659

Team Date: 08-18-2020

|  |  |  |  |
|---|---|---|---|
| Name: | BELTRAN, JAVIER | DNA Status: | NYM02547 / 12-12-2012 |
| Register No.: | 67718-054 | | |
| Age: | 34 | | |
| Date of Birth: | 02-19-1986 | | |

Inmate    (BELTRAN, JAVIER. Register No.: 67718-054)

Date

Unit Manager / Chairperson                     Case Manager

Date                                           Date



# Pollock F.C.I. union rep writes letter to Attorney General Barr about COVID-19 positive inmates being transferred into prison

Says all inmates should be quarantined and tested before being transferred to another prison

*Published: Aug. 12, 2020 at 5:28 PM EDT*



**POLLOCK, La. (KALB)** - An employee and union rep of the Pollock Federal Correctional facility is speaking out about conditions at the prison. Anthony Koeppel, treasurer of the AFGE local 1034 union, tells us that the Pollock prison had no confirmed cases of COVID-19 at the facility through late July. That's changed in recent days after the U.S. Marshal Service began transferring prisoners into the facility from a prison in Oklahoma.

Now six of those inmates have tested positive for COVID-19. Koeppel says the inmates being brought in from other prisons by the marshal service are not being quarantined and then tested before being brought into Pollock, unlike the Bureau of Prisons, that now tests inmates before making transfers.

Koeppel has written a letter to U.S. Attorney General William Barr with the Department of Justice, asking

Now six of those inmates have tested positive for COVID-19. Koeppel says the inmates being brought in from other prisons by the marshal service are not being quarantined and then tested before being brought into Pollock, unlike the Bureau of Prisons, that now tests inmates before making transfers.

Koeppel has written a letter to U.S. Attorney General William Barr with the Department of Justice, asking Barr to mandate that any inmate coming into any BOP facility be tested and quarantined before being transferred, to make sure positive inmates aren't coming into a prison. "This raises a huge concern for the staff, our families, the inmate population and of course for the surrounding communities of Central Louisiana. Whenever staff comes home at the end of the day to spread this virus," says Koeppel.

There are 700 employees and 2,500 inmates at the Pollock Federal Correctional Institute. According to the BOP website, there are also 15 active cases of COVID-19 among prison staff.

Legal
Mail

LA 11921

04-21

Legal Mail

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7018 3090 0000 0270 3727

USMS
SDNY

Office of the clerk
40 Foley Square, Room 2201
New York, NY, 10007

U.S. POSTAGE PAID
POM
POLLOCK, LA
71467
DEC 04, 20
AMOUNT
$0.00
R2304H100279-08

1000
10007

FOREVER / USA

Legal mail



Javier Beltran # 67718-054
P.O. Box 4050
Pollock, LA 71467

Legal mail

Legal mail

DY 12/21

CERTIFIED MAIL

7018 3090 0000 0270 3727

USM-40
SDNY

Office of the Clerk
40 Foley Square, Room
New York, NY, 10007

FOREVER

U.S. POSTAGE PAID
POLLOCK LA
71467
DEC 04, 20
AMOUNT
$0.00
R2304H10827908